[Crim. No. 15246. First Dist., Div. Four. Feb. 2, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD LEE JENNINGS, Defendant and Appellant.

COUNSEL

Weissich & Heubach and W. O. Weissich for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and Clifford K. Thompson, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**CHRISTIAN, J.**—Richard Lee Jennings appeals from a judgment of imprisonment which was rendered after a jury found him guilty of voluntary manslaughter.

Appellant was employed by the Yellow Cab Company of San Rafael, a business controlled by his father. Appellant had always been awkward with women, and both his father and employees at the office teased appellant about his apparent lack of experience with women. It was in this strained environment that appellant became infatuated with a young woman who came to work as a dispatcher. She rejected appellant, and joined with the others in tormenting him. In desperation, appellant finally insisted that she be discharged. She came back to the office to visit

friends. On her third visit appellant killed her with two blasts from a shotgun.

Appellant drove off but within an hour surrendered at the police station, declaring "I just shot someone."

Appellant did not testify at trial; in support of a defense of diminished capacity, a psychologist and three psychiatrists testified that appellant had been suffering from grave mental abnormality and that in killing the woman he had acted under an irresistible impulse resulting from his illness.

Appellant contends, relying on *People* v. *Cantrell* (1973) 8 Cal.3d 672 [105 Cal.Rptr. 792, 504 P.2d 1256], and *People* v. *Wolff* (1964) 61 Cal.2d 795 [40 Cal.Rptr. 271, 394 P.2d 959], that where there was uncontradicted psychiatric opinion evidence that the killing proceeded from an irresistible impulse brought on by mental abnormality, a conviction for voluntary manslaughter cannot stand. That contention must be rejected; diminished volitional capacity is a defense to some charges which comprise among their elements a specific intent of a volitional nature (*People* v. *Gorshen* (1959) 51 Cal.2d 716 [336 P.2d 492]; *People* v. *Wells* (1949) 33 Cal.2d 330 [202 P.2d 53]). Voluntary manslaughter does involve specific intent to kill; it is the intentional and unlawful killing of a human being without malice aforethought (Pen. Code, § 192; *People* v. *Welborn* (1966) 242 Cal.App.2d 668 [51 Cal.Rptr. 644].) But one acting under an irresistible impulse may still form the intent to kill. Hence, irresistible impulse is not a defense to a charge of voluntary manslaughter. (See *People* v. *Wolff, supra,* 61 Cal.2d 795, 814.)

The judgment is affirmed.

Caldecott, P. J., and Emerson, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 31, 1977. Mosk, J., was of the opinion that the petition should be granted.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.